Bradley T. Austin, Esq.
Nevada State Bar No. 13064
Snell & Wilmer, LLP
3883 Howard Hughes Pkwy, Suite 1100
Las Vegas, NV 89169
Tel: 702-784-5200
Fax: 702-784-5252
Email: baustin@swlaw.com

*Attorneys for Defendant*
*Equifax Information Services, LLC*

# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| VERONICA CEBALLOS,<br><br>　　　　　　　　Plaintiff,<br><br>vs.<br><br>COMENITY BANK/VICTORIA'S SECRET'<br>EQUIFAX INFORMATION SERVICES,<br>LLC,<br><br>　　　　　　　　Defendants. | Case No. 2:16-CV-02092-CMN-GWF<br><br>**AMENDED STIPULATED<br>PROTECTIVE ORDER** |

It is hereby stipulated by and between Plaintiff, Veronica Ceballos ("Plaintiff"), and Defendant, Equifax Information Services LLC ("Defendant"), through their respective attorneys of record, as follows:

1.　This Order shall govern the use, handling and disclosure of all documents, testimony or information produced or given in this action that are designated to be subject to this order in accordance with the terms hereof.

2.　Any party producing or filing documents or other materials in this action may designate such materials and the information contained therein subject to this order by typing or stamping on the front of the document, or on portion(s) of the document for which confidential treatment is desired, "CONFIDENTIAL" if the party has a reasonable and good faith belief the material contains a trade secret or other confidential research, development or commercial information, or personal or financial information of a consumer other than plaintiff.

3. All materials designated as CONFIDENTIAL, and all information derived therefrom (including but not limited to all testimony, deposition or otherwise, that refers, reflects or otherwise discusses any such materials), shall not be used, directly or indirectly, by any person for any business, commercial or competitive purposes or for any purpose whatsoever other than solely for the preparation and trial of this action in accordance with this Order.

4. Except with the prior written consent of the party asserting confidential treatment or pursuant to court order, any document or materials given confidential treatment under this order, and any information contained in, or derived from, any such materials may not be disclosed other than in accordance with this order and may not be disclosed to any person other than the court and:

   a. Parties to this litigation;

   b. Counsel for the respective parties to this litigation and clerks, paralegals, secretaries or other employees of counsel;

   c. Witnesses expected to be deposed or to testify in court or by affidavit in this litigation;

   d. Experts specially retained as consultants or expert witnesses in connection with this litigation.

5. Documents produced pursuant to this order shall not be made available to any person designated in subparagraph 4(d) unless he or she shall have first read this order and agree to be bound by its terms.

6. The parties and their attorneys shall take all necessary and proper steps to preserve the confidentiality of, and to protect the rights of the party asserting confidential treatment with respect to, any information designated by said party as CONFIDENTIAL in accordance with this order.

7. If CONFIDENTIAL information submitted in accordance with this order is disclosed to any person other than in a manner authorized by this order, the party responsible for the disclosure must immediately upon learning of the disclosure bring all pertinent facts relating to such disclosure to the attention of the party asserting confidential treatment, make every effort

1  to prevent further disclosure by the responsible party or by the person who was the recipient of
2  such information.

3       8.     Nothing set forth herein prohibits the use in this litigation of any information
4  designated as CONFIDENTIAL.

5       9.     In the event that any party disagrees with any designation made under this Order,
6  the parties shall first try in good faith, via a telephone conference, to resolve the disagreement
7  informally.  If the dispute cannot be resolved and the receiving party concludes in good faith that
8  the materials have been improperly classified, the receiving party may seek appropriate relief
9  from this Court.  <u>The designating party shall have the burden of proving that any document</u>
10 <u>designated as CONFIDENTIAL is entitled to such protection</u>.  (ECF No. 20). During the
11 pendency of any challenge to the designation of a document or information as CONFIDENTIAL,
12 the designated document or information shall continue to be treated as CONFIDENTIAL,
13 consistent with the designating party's designation, until the Court has ruled on the receiving
14 party's motion.

15      10.    Within sixty (60) days after the conclusion of this case, the parties shall assemble
16 and return to the designating party all materials containing information designated in accordance
17 with paragraph 2, above.  The designating party may elect to have its designated materials
18 destroyed rather than returned, in which case the other party shall provide written verification that
19 the materials, including any summaries, extracts, compilations, notes or other attorney work
20 product, have been destroyed.

21      11.    This Order shall remain binding after the conclusion of this case unless otherwise
22 ordered by the Court, and the Court shall retain jurisdiction over all parties bound hereby for the
23 purposes of enforcing this Order.  Each individual signing the acknowledgment attached as
24 Exhibit "A" agrees to be subject to the jurisdiction of this Court for purposes of this Order.

25      12.    This Order does not prevent any party from seeking to seal trial transcripts and/or
26 trial exhibits, including documents previously filed under seal, or from seeking any other similar
27 relief.

13. Neither the entry of this Order, nor the designation of any material as "CONFIDENTIAL" nor the failure to make such designation shall constitute evidence on any issue in this case. The designation of any materials as "CONFIDENTIAL" does not waive that party's objection to any discovery on the ground that it seeks information protected by Federal Rule of Civil Procedure 26(c) or other provision of law.

AGREED and STIPULATED to by the parties on February 10, 2017:

AGREED TO:

| | |
|---|---|
| /s/ Bradley T. Austin | /s/ David H. Krieger |
| Bradley T Austin | David H. Krieger |
| Snell & Wilmer LLP | Haines & Krieger, LLC |
| 3883 Howard Hughes Pkwy., Ste. 1100 | 8985 S. Eastern Avenue Suite 350 |
| Las Vegas, NV 89169 | Henderson, NV 89123 |
| Telephone: 702-784-5200 | Telephone: (702) 880-5554 |
| Fax: 702-784-5252 | Fax: (702) 383-5518 |
| Email: baustin@swlaw.com | Email: dkrieger@hainesandkrieger.com |
| *Attorneys for Defendant Equifax Information Services LLC* | *Attorneys for Plaintiff* |

**ORDER**

**IT IS SO ORDERED.**

Dated: February 13, 2017

_____
UNITED STATES MAGISTRATE JUDGE

# ATTACHMENT A

## ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

The undersigned hereby acknowledges that he/she has read the Stipulated Protective Order in the above-captioned action, understands the terms thereof, and agrees to be bound by its terms. The undersigned submits to the jurisdiction of the United States District Court for the District of Nevada in matters relating to the Stipulated Protective Order and understands that the terms of the Stipulated Protective Order obligate him/her to use materials designated as CONFIDENTIAL in accordance with the Order solely for the purposes of the above-captioned action, and not to disclose any such materials designated as CONFIDENTIAL to any other person, firm, or concern.

The undersigned acknowledges that violation of the Stipulated Protective Order may result in penalties for contempt of court.


Name: _____

Business Address: _____

Date: _____

Signature: _____

25752960.1